IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Melodie Shuler, | ) | C/A No. 2:19-1017-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| South Carolina Department of Social Services; Sylvia Mitchum; Traci Alter; Michele Blue; Gillum; One Unknown Individual; Six Unknown DSS Workers, | ) | |
| Defendants. | ) | |

The plaintiff, Melodie Shuler, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

I.  **Factual and Procedural Background**

Plaintiff claims she and her minor children were abused by her ex-husband, and she received an order of protection from a South Carolina court. (Compl., ECF No. 3 at 20.) However, Plaintiff claims the judge called the South Carolina Department of Social Services ("DSS"), telling DSS that Plaintiff had failed to protect her children from abuse. (Id. ¶ 89.) Plaintiff claims DSS employees harassed her and her children from June 2016 to January 2017 by making visits to Plaintiff's home and her children's school without having any indication that abuse or neglect was occurring.

---

[1] This matter was severed from Civil Action No. 19-88.

(Id. ¶¶ 33, 189, ECF No. 3 at 7, 44.) Specifically, Plaintiff alleges that DSS employees Michele Blue and Traci Alter asked Plaintiff if she had a mental disorder or was prescribed any medication. (Id. ¶ 189, ECF No. 3 at 44.) Plaintiff further alleges that Blue and Alter wrote false reports that Plaintiff was mentally ill and not taking her medication, and "provided wrongful procedures" when they told Plaintiff they would take her children if Plaintiff did not sign certain papers. (Id.) Plaintiff claims she told Sylvia Mitchum[2] about the harassment by DSS employees, but Mitchum did not correct the behavior. (Id.) Finally, Plaintiff claims DSS refused to "close her public benefits" so that she could receive benefits in Washington, D.C. (Id. ¶ 33, ECF No. 3 at 7.)

Plaintiff raises claims against DSS pursuant to 42 U.S.C. § 1983 for violations of her right to substantive and procedural due process under the Fourteenth Amendment. (Id. at 3, 20.) As to Mitchum, Plaintiff purports to raise a state law tort claim of supervisory liability.[3] (Id. at 43-44.) Plaintiff generally raises claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against all of the defendants. (Id. at 47-48.) Plaintiff seeks damages. (Id. at 48.)

---

[2] Plaintiff claims Mitchum was an employee of the North Charleston Police Department, but also the Director of the Charleston County Department of Social Services. (Compl. at ¶ 13, ECF No. 3 at 4.)

[3] To the extent Plaintiff seeks to raise a claim of supervisory liability against Mitchum pursuant to 42 U.S.C. § 1983, Plaintiff fails to allege an underlying constitutional violation for which liability can attach. See generally Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). While Plaintiff claims DSS violated her rights under the Due Process Clause, she does not explain how Mitchum was involved.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

*PJG*

B.  Analysis

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

However, DSS itself is not "person" amenable to suit under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). And even liberally construing Plaintiff's § 1983 claims to assert causes of action against the State of South Carolina, such claims would be barred. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[4] Similarly, South Carolina's sovereign immunity bars Plaintiff's assertion of state law tort causes of action against the State, including torts committed by

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).



state employees,[5] even if she could bring those claims in a state court of competent jurisdiction. Cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002). Therefore, Plaintiff's claims against DSS or the State of South Carolina are barred by the Eleventh Amendment and the state's sovereign immunity.

To the extent Plaintiff seeks to raise state law tort claims against the individual defendants outside of their capacity as DSS employees, she fails to provide any facts that would plausibly support a claim that the individuals caused Plaintiff any injury. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) & (iii) because the defendants are either immune from Plaintiff's claims or Plaintiff fails to state a claim upon which relief can be granted against the defendants. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects

---

[5] S.C. Code Ann. § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b).")

PJG

the deficiencies identified above.[6] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 24, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[6] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).