

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MELODIE SHULER, | § | |
|        Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:19-01017-MGL |
| | § | |
| SOUTH CAROLINA DEPARTMENT OF | § | |
| SOCIAL SERVICES, SYLVIA MITCHUM, | § | |
| TRACI ALTER, MICHELE BLUE, GILLUM, | § | |
| ONE UNKNOWN INDIVIDUAL, and SIX | § | |
| UNKNOWN DSS WORKERS, | § | |
|        Defendants. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Melodie Shuler (Shuler), proceeding pro se, filed this action seeking damages and injunctive relief against Defendants South Carolina Department of Social Services (DSS), Sylvia Mitchum, Traci Alter, Michele Blue, Gillum, one unknown individual, and six unknown DSS workers (collectively, Defendants) under 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Shuler's complaint be summarily dismissed with prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed an order identifying deficiencies in the complaint on May 28, 2019 (May 28 order). The Magistrate Judge then filed the Report, incorporating the analysis of the May 28 order, on June 28, 2019. Shuler filed her Objections to the Report (Objections) on July 17, 2019. The Court has reviewed the objections but holds them to be without merit. It will enter judgment accordingly.

Shuler objects to the determination the state of South Carolina, and DSS as an instrumentality of the state, were entitled to sovereign immunity. She raises two arguments. First, because South Carolina accepts federal funds, sovereign immunity is inapplicable. Second, sovereign immunity is waived because South Carolina has consented to similar prior suits. Neither is availing.

Sovereign immunity dictates states are immune from suits seeking damages absent consent to suit by that sovereign. *Alden v. Maine*, 527 U.S. 706, 712 (1999). "[A] State's waivers of sovereign immunity [must] be unequivocal." *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680 (1999). Both of Shuler's arguments for South Carolina's consent to this suit fail.

The mere acceptance of federal funds is insufficient to automatically waive sovereign immunity. *See, e.g.*, *Madison v. Virginia*, 474 F.3d 118, 131 (4th Cir. 2006) (stating provision of federal funds waives sovereign immunity only when unambiguously stated by Congress in the provision). Shuler identifies no specific federal funding purportedly supporting a waiver, nor any language from any federal statute requiring waiver on the issues presented in her suit. The general acceptance of federal funds is insufficient to allow the Court to find a general waiver of sovereign immunity applicable to this complaint.

South Carolina has explicitly declined to waive sovereign immunity for suits in federal court. S.C. Code Ann. § 15-78-20(e). Absent an exception to sovereign immunity, this invocation of sovereign immunity would be dispositive. The Court can find no support for, nor has Shuler cited to any cases to support, previous participation by the state in a suit concerning similar subject matter overriding an explicit statutory assertion of sovereign immunity rights. Because South Carolina has enacted a clear statutory assertion, the Eleventh Amendment bars this action from proceeding.

The remainder of Shuler's objections can be grouped together. Shuler claims she is entitled to a permanent injunction under *Ex Parte Young*, the individual defendants are sued in their individual capacities making Eleventh Amendment sovereign immunity inapplicable, and she has suffered damages. The Court understands each of these to address the Magistrate Judge's suggestion plaintiff failed to provide facts plausibly supporting a claim against the individual defendants.

Only the objections on damages provides any new facts. The other two are general descriptions of potential causes of action, failing to rectify the deficiencies identified by the Magistrate Judge and therefore are inapplicable. Objections based on *Ex Parte Young* and the suit

being brought against defendants in their individual capacity are "general . . . objections" insufficient to trigger de novo review. *Orpiano v. Johnson*, 687 F.2d at 47. Both objections are without merit.

Shuler's presentation of facts in her damages objections likewise fails to establish a claim under 42 U.S.C. § 1983. Such a claim requires a plaintiff to allege: 1) a "violation of a right secured by the Constitution and laws of the United States," and 2) "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Shuler's alleged facts, although potentially relevant to possible damages, fail to allege either of these two elements. The increased miles on her vehicle and purported loss of potential employment opportunities are inapplicable to any potential constitutional violation. Accordingly, her objections regarding damages allegations likewise fails.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Shuler's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Shuler's complaint is **DISMISSED WITH PREJUDICE** and without issuance or service of process. Further, because of the dismissal, Shuler's motion to consolidate cases is **DEEMED MOOT**.

    **IT IS SO ORDERED.**

Signed this 16th day of December 2019 in Columbia, South Carolina.

    s/ Mary Geiger Lewis
    MARY GEIGER LEWIS
    UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.